**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CLIFFORD HARVEY,

        Petitioner,                                Case Number: 2:09-CV-14307

v.                                                   HON. BERNARD A. FRIEDMAN

STATE OF MICHIGAN,

        Respondent.
_____/

## OPINION AND ORDER DENYING CERTIFICATE OF APPEALABILITY

Petitioner Clifford Harvey filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. On December 11, 2009, the Court issued an Opinion and Order of Summary Dismissal on the ground that Petitioner failed to exhaust his state court remedies. Petitioner has filed a Notice of Appeal. Thus, the Court must determine whether Petitioner is entitled to a certificate of appealability (COA).

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a prisoner's habeas corpus petition was denied on procedural grounds, a certificate of appealability "should issue . . . if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

The Court dismissed the petition because Petitioner, who is awaiting trial in state court, failed to allege exhaustion of state court remedies with respect to any of his claims. A habeas petitioner must "fairly present" his claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A prisoner "'fairly presents' his claims to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also Prather v. Reese*, 822 F.2d 1418, 1420 (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *See Mohn v. Bock*, 208 F.2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).

While a federal court may address certain claims on habeas review before a trial is held in state court, exhaustion of state court remedies is still a prerequisite for consideration of such claims. *See Atkins v. People of the State of Michigan*, 644 F.2d 543, 548 (6th Cir. 1981). (holding that federal court could address pretrial petition raising speedy trial claim where Michigan Court of Appeals and Michigan Supreme Court had each addressed the speedy trial claim on interlocutory appeal). A federal court may "sometimes appropriately interfere by habeas corpus in advance of final action by the authorities of the State," but such cases are "exceptional" and of "great urgency." *Urquhart v. Brown*, 205 U.S. 179, 182 (1907); *Smith v.*

*Evans*, No. 08-11188, 2008 WL 880007, *2 (E.D. Mich. March 31, 2008).  In this case, the Court held that Petitioner failed to allege any urgent circumstances sufficient to warrant interference by this Court in a matter pending in state court.  Similarly, the Court determined this was not an extraordinary case justifying removal of the case from state court

This Court holds that jurists of reason would not find the conclusion that the claims presented in the habeas petition were unexhausted to be debatable or wrong.  *See Slack*, 529 U.S. at 484.  Therefore, Petitioner has failed to show that he is entitled to a certificate of appealability.

Accordingly, **IT IS ORDERED** that a certificate of appealability is **DENIED**.


S/Bernard A. Friedman
BERNARD A. FRIEDMAN
UNITED STATES DISTRICT JUDGE

Dated:  January 20, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 20, 2010, by electronic and/or ordinary mail.

S/Felicia M. Moses for Carol Mullins
Case Manager